UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Babe Winkelman Productions, Inc.,  Civil No. 05-2971 (DWF/RLE)

      Plaintiff,

v.  **MEMORANDUM OPINION AND ORDER**

Sports Design and Development, Inc.
a/k/a Sports Design, Inc., a/k/a Bill
Lewis Lures,

      Defendant.

_____

Michael J. Ford, Esq., Heidi N. Thoennes, Esq., and Krista L. Durrwachter, Esq., Quinlivan & Hughes, PA; and Patrick Krueger, Esq., Borden Steinbauer Krueger & Knudson, PA, counsel for Plaintiff.

Victor E. Lund, Esq., and Richard P. Mahoney, Esq., Mahoney Dougherty and Mahoney, PA, counsel for Defendant.

_____

## Introduction

Defendant Sports Design and Development, Inc. a/k/a/ Sports Design, Inc., a/k/a Bill Lewis Lures ("Sports Design") has requested leave of this Court, pursuant to Local Rule 7.1(g), to file a motion for reconsideration of the Court's Memorandum Opinion and Order (the "Order") granting Plaintiff Babe Winkelman Productions, Inc.'s ("Babe Winkelman") Motion to Remand and Request for Attorney Fees dated April 7, 2006.  For the following reasons, Sports Design's request is denied in part and granted in part to the extent that the Court vacates the attorney fee award.

**Background**

In the Complaint (the "Complaint"), Babe Winkelman alleges that Babe Winkelman and Sports Design entered into a contract in 2004 and that Sports Design subsequently breached that contract. Pursuant to a forum-selection clause, Babe Winkelman filed this lawsuit on October 21, 2005, in Crow Wing County District Court. Sports Design subsequently petitioned for removal to this Court. Babe Winkelman then filed a Motion to Remand back to Crow Wing County District Court. At the time of the hearing on the Motion to Remand, the parties produced evidence of another contract between the parties dated September 16, 2002, which did not contain a forum-selection clause. But Sports Design did not claim fraud or overreaching; thus, the issue before the Court at the time of the motion was whether Sports Design clearly and unequivocally waived its right to remove based on the language in the forum-selection clause.

The Court granted Babe Winkelman's Motion to Remand pursuant to the forum-selection clause contained in the parties' April 23, 2004 contract. In its Order, the Court held that Sports Design clearly and unequivocally waived its right to remove to federal court based on the language in the forum selection clause. The Court also granted Babe Winkelman's request for costs and fees associated with bringing the Motion to Remand based on the Court's finding that Sports Design lacked an objectively reasonable basis for seeking removal.

**Discussion**

"Motions to reconsider are prohibited except by express permission of the Court, which will be granted only upon a showing of compelling circumstances." D. Minn. L.R.

7.1(g).  A motion to reconsider should not be employed to relitigate old issues, but to "afford an opportunity for relief in extraordinary circumstances."  *Dale & Selby Superette & Deli v. United States Dept. of Agric.*, 838 F. Supp. 1346, 1348 (D. Minn. 1993).

Sports Design asserts that it has demonstrated compelling circumstances based on its receipt of newly discovered evidence.  Specifically, Sports Design asserts that after the hearing, Babe Winkelman produced contracts between the parties dated May 8, 2003, and April 15, 2004, both of which did not contain forum-selection clauses.  Sports Design contends that these newly discovered contracts, coupled with the September 16, 2002 contract, show that there were three contracts between the parties prior to April 23, 2004, which did not contain waiver language.  Accordingly, Sports Design contends that these three contracts establish an ongoing course of conduct between the parties over 19 months.  Sports Design further asserts that it could reasonably assume that if there was to be a significant change in the terms of the contract, Babe Winkelman would notify Sports Design thereof.  Thus, Sports Design contends that this new evidence raises the issue of whether Babe Winkelman overreached by adding the forum-selection clause to the April 23, 2004 contract.  Additionally, Sports Design asserts that the discovery of this new evidence also bears on the reasonableness of Babe Winkelman's demand for removal.

Sports Design explains that the newly discovered evidence was unavailable to it before the hearing on the remand motion because, despite Sports Design's request for such evidence, Babe Winkelman did not produce the contracts until after the hearing. Sports Design suggests that Babe Winkelman withheld this evidence until after the

hearing by noting that the fax machine imprint on the newly discovered contracts shows that the contracts were sent from Babe Winkelman to someone on March 2, 2006, seven days before the motion hearing.

In response, Babe Winkelman does not object to the Court's reconsideration of the motion, but denies that the newly discovered evidence would lead to a different result. Babe Winkelman contends that the April 23, 2004 contract was more comprehensive than the contracts that preceded it. Babe Winkelman also acknowledges that co-counsel for Babe Winkelman, Pat Krueger, received the May 8, 2003 and April 15, 2005 contracts from the client on or about March 2, 2006. Babe Winkelman, however, explains that it did not forward the contracts to Sports Design because Krueger "attached no significance to them at that time." Counsel for Babe Winkelman notes that it forwarded the contracts to Sports Design's counsel on April 13, 2006, approximately one month after the Court issued its Order.

The Court declines to grant Sports Design's request for leave to file a motion for reconsideration because the Court finds that the newly discovered evidence would not change the Court's decision on the Motion to Remand. As stated in the Court's Order, the Court finds that the plain language of the forum selection clause constitutes a clear and unequivocal waiver of Sports Design's right to remove to federal court. The newly discovered evidence, however, does impact the reasonableness of Sports Design's petition for removal. The existence of the May 8, 2003 and April 15, 2004 contracts supports Sports Design's argument that Babe Winkelman was overreaching by adding the forum-selection clause to the April 23, 2004 contract. Although ultimately unsuccessful,

4

the Court finds that this argument displaces the Court's earlier holding that Sports Design lacked an objectively reasonable basis for removal. Accordingly, the Court vacates its award of attorney fees to Babe Winkelman.

## Conclusion

Accordingly, **IT IS HEREBY ORDERED** that:

1. Sports Design's request to file a motion for reconsideration (Doc. No. 23) is **DENIED**.

2. The Court's award of attorney fees, costs, and disbursements to Babe Winkelman (Doc. No. 16) is **VACATED**.

Dated: June 22, 2006                    s/Donovan W. Frank
                                        DONOVAN W. FRANK
                                        Judge of United States District Court